IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                              No.  05-40066-01-SAC

DAVID LEE HOLMES II,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion to review the magistrate judge's decision denying his pretrial release.  (Dk. 12).  The magistrate judge conducted a detention hearing on January 22, 2007, pursuant to 18 U.S.C. § 3142(f), and then entered an order of detention on the same day.  (Dk. 11).  The stated ultimate reason for detention was the magistrate judge's finding by a preponderance of evidence "that no condition or combinations of conditions will reasonably assure the appearance of the defendant as required, *i.e.*, the defendant poses a serious flight risk."  (Dk. 11, p. 1).

The defendant's motion to review challenges the sufficiency of the evidence to sustain the magistrate judge's finding on flight risk.  It does not lay out or include a proffer of any additional facts or information

relevant to this proceeding.  The court immediately conducted a hearing on the defendant's motion the day after it was filed.  The government opposed the motion, relied on the record made before the magistrate judge, and offered the additional testimony of two Deputy United States Marshals. Both sides argued the applicable presumption and the different relevant factors identified by statute.  At the close of the hearing, the court ordered from the bench that the defendant would be detained pursuant to 18 U.S.C. § 3142 (e) and (f) and that an order would be filed meeting the requirements of § 3142(i).

**STANDARD OF REVIEW**

By statute, 18 U.S.C. § 3145(b), a defendant detained by a magistrate judge may seek review before the district court having original jurisdiction of the charged offense.  This is a de novo review of the magistrate judge's order.  *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002) (and cases cited therein).  The district court decides both the facts and the propriety of detention anew without deference to the magistrate judge's findings.  *Id.*  De novo review does not require a de novo evidentiary hearing.  *Id.*  The district court may elect to "start from scratch" and hear the relevant evidence, or it simply may incorporate the

2

record of the proceedings conducted by the magistrate judge including the exhibits admitted there. *Id.* In its discretion, the district court may conduct evidentiary hearings if "necessary or desirable" whether or not new evidence is to be offered. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990).

The court here both incorporates the record of the proceedings conducted by the magistrate judge and considers the evidence admitted at the evidentiary hearing held on January 25, 2007.

**CONTROLLING LAW**

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., the court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community." *See* 18 U.S.C. § 3142(b),(c), and (e); *see United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). The government must prove dangerousness to any other person or the community by clear and convincing evidence. *United States v. Burks*, 141 F. Supp. 2d 1283, 1286 (D. Kan. 2001) (and cases cited therein). In making this determination, the court is to consider "the available

3

information" on the following four factors: the nature and circumstances of the offense, including whether the offense is a crime of violence or involves a narcotic drug; the weight of the evidence; the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community posed by a release on conditions.  18 U.S.C. § 3142(g). A person's criminal history necessarily includes arrests and charges in matters that were never finally adjudicated, but the relative weight of such evidence depends on the circumstances of each case and this determination is committed to the sound discretion of the presiding judge. In cases like the one at bar, the danger to the community includes not only the risk of violence against others but also the risk of ongoing drug activity.

The Bail Reform Act, specifically 18 U.S.C. § 3142(e), recognizes a rebuttable presumption of risk of flight or danger to the community upon a finding "that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21 U.S.C. §§ 801 et seq.)"   "Congress framed the flight presumption in light of its general finding, based on extensive testimony, that flight to avoid prosecution is 'particularly high among those charged with major drug

offenses.'" *United States v. Martir*, 782 F.2d 1141, 1144 (2nd Cir. 1986)

(quoting Senate Report at 20, reprinted at 1984 U.S. Code Cong. & Ad.

News 3203).  A grand jury indictment charging such an offense is enough

to trigger this presumption.  *United States v. Stricklin*, 932 F.2d 1353, 1355

(10th Cir. 1991); *United States v. Walters*, 89 F. Supp. 2d 1217, 1220 (D.

Kan. 2000).  The presumption operates as follows:

> Once the presumption is invoked, the burden of production shifts to
> the defendant. However, the burden of persuasion regarding
> risk-of-flight and danger to the community always remains with the
> government. The defendant's burden of production is not heavy, but
> some evidence must be produced. Even if a defendant's burden of
> production is met, the presumption remains a factor for consideration
> by the district court in determining whether to release or detain.

*Stricklin*, 932 F.2d at 1354-55 (citations omitted).   "Thus the mere

production of evidence does not completely rebut the presumption, and in

making its ultimate determination, the court may still consider the finding by

Congress that drug offenders pose a special risk of flight and

dangerousness to society."  *United States v. Hare*, 873 F.2d 796, 798 -799

(5th Cir. 1989) (footnote omitted).

Count one of the indictment charges the defendant with

possession with the intent to distribute 23.33 grams of cocaine base" in

violation of 21 U.S.C. § 841(a)(1) and with reference to the penalty section

of (b)(1)(B).  (Dk. 1).  Thus, count one charges an offense under the Controlled Substances Act that carries a maximum term of imprisonment of ten years or more as prescribed thereunder.  The court finds, as did the magistrate judge, that a rebuttable presumption of risk and flight exists here.

The defendant's initial "'burden of production . . . is to offer some credible evidence contrary to the statutory presumption.'"  *United States v. Walters*, 89 F. Supp. 2d at 1220 (quoting *United States v. Miller*, 625 F. Supp. 513, 519 (D. Kan. 1985)).  This statutory presumption springs from "Congressional findings that certain offenders, including narcotics violators, as a group are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions."  *See United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986).  Thus, to rebut this presumption, a defendant must come forward with some credible evidence of something specific about his charged criminal conduct or about his individual circumstances that tends to show that "'what is true in general is not true in the particular case."  *United States v. Dominguez*, 783 F.2d at 707 (quotation and citation omitted).  Of course, the burden of proof

6

remains with the government to show there is no condition or combination
of conditions that would reasonably assure the accused's presence in later
proceedings and/or the safety of other persons and the community.  *United
States v. Lutz*, 207 F. Supp. 2d at 1251.

**ANALYSIS AND RULING**

This ruling relies on the evidence that was introduced at the
initial detention hearing before the magistrate judge and on the evidence
admitted at the detention hearing conducted by the district court.   This
ruling further considers the parties' positions and arguments advanced both
before the magistrate judge and the district court.

*Statutory Presumption*

The court finds that the defendant has not carried his burden of
production in coming forward with some credible evidence to rebut the
statutory presumption of detention.  Before the magistrate judge, the
defendant vaguely referenced ties to the Topeka community saying he has
a long history of living here, has some family residing in Topeka, and has
been here for the last 18 months.  The credibility of such evidence was
eviscerated by the government's introduction of testimony to the district
court that the defendant had told officers escorting him to court that he had

been "hiding" in Las Vegas before he was arrested on the outstanding 2005 federal warrant.  The defendant also told pretrial services that he has not maintained a permanent residence for the last two years.

The defendant's promise to appear before the court and to abide by all imposed conditions of pretrial release is hollow and belied by his own conduct in failing to appear in a state court proceeding, by violating conditions of pretrial release in another state court proceeding, and in failing to abide by the conditions of probation set in yet another state court proceeding.  The defendant was on probation when he allegedly committed the instant drug trafficking offense.  His record as a juvenile and adult includes repeated arrests for unlawful possession of controlled substances and firearms.  Following the defendant's arrest in January 2007 on the 2005 warrant, officers found a loaded firearm in the car the defendant had driven to the residence, recovered marijuana on the defendant's person, and found in the residence crack cocaine, marijuana, digital scales, and more ammunition.  The defendant's history is replete with proof that he is a flight risk.  He has a juvenile arrest for fleeing an officer.  The government's evidence fairly proves the defendant knew about the arrest warrant in this case within a couple months of its issuance, yet he eluded arrest for fifteen

8

months.  When officers arrived at the residence in January of 2007 to
execute the warrant, the defendant fled out the back of the house.  When
placed within this context and credibility evaluated by the same, the
defendant's proffered promise is not credible evidence tending to disprove
the applicability to him of the general presumption that charged narcotic
violators are special flight and danger risks.

        The defendant promises to find employment if released.  The
defendant is twenty-three years old and single and reports no dependents.
He had been wanted on two warrants for over one year.  He gave no
permanent address for the last two years.  The defendant's newly stated
resolve to seek employment and to maintain a residence in his
grandmother's home is starkly different from what he has done for the last
several years and to his poor employment history consisting of only one job
with a fast food restaurant held for six months.

        Nor does the proffered willingness of the defendant's
grandmother to serve as his third-party custodian rebut the presumption.
The government points out that the grandmother could not keep the
defendant from violating conditions in the state court matters and that the
defendant's currently proffered conditions differ in no material respects

9

from the conditions imposed there under which the defendant failed.  The defendant's proffer does not provide any credible evidence that any of his family members could assert any appreciable control, either physical or emotional, over the defendant or his actions.  The defendant's proffer fails to rebut the statutory presumption that there are no condition or combination of conditions that will reasonably assure his appearance as required and the safety of the community.

To complete the record of its consideration of the defendant's motion, the court will assume for the sake of argument that the defendant was able to rebut the presumption.  The court now will address briefly the § 3142(g) factors and follow with its conclusion that the government has carried its burden of proving that no condition or combination of conditions will reasonably assure the appearance of the defendant as required or the safety of the community and others.

*Nature and Circumstances of the Offense*

The single count indictment charges the defendant with possession with the intent to distribute 23.33 grams of cocaine base.  The amount of drugs charged trigger a five-year mandatory minimum.  The arrest warrant on this case was issued in July of 2005, but the defendant

10

was not located and arrested until January of 2007.

In the fall of 2005, the Deputy United States Marshal assigned this warrant received a telephone call from an attorney in Wichita, Kansas, saying he had been retained by the defendant and was wanting to verify whether there was an arrest warrant for his client.  The Deputy confirmed there was an outstanding warrant, and the attorney indicated he had been retained in an effort to get this resolved.  The Deputy also interviewed the defendant's family members.  A couple of weeks after the attorney's phone call, a person identifying himself as "David" left a message on the Deputy's voice mail saying he would call back.  The Deputy testified that he saved this message and that after recent conversations with the defendant he believes the defendant left the voice mail message.  Another Deputy United States Marshal testified that following the defendant's arrest and while he was being transported to and from court proceedings, the defendant had asked how the officers had found him and had told them that he had been "hiding" in Las Vegas.

In January of 2007, officers received information that the defendant was living at a Topeka location with two other men, one of whom had an outstanding warrant for a shooting in Wichita.  The officers

11

established surveillance and observed the defendant drive to the

residence.  They observed the defendant go inside the residence.  Having

information that the defendant could be a flight risk, the officers established

a rear perimeter to the residence.  When the marked patrol car

approached, the defendant who had emerged from the residence

immediately went back inside.  Officers arrested the defendant when he

fled out the back.  Officers found drugs on the defendant's person, and in

the residence, they found more drugs, digital scales, bulletproof vests, and

firearm ammunition.  In the car driven by the defendant, a loaded firearm

was found.  This factor favors detention.

*Weight of the Evidence*

The government did not offer any evidence on this factor.  Nor

did the defendant raise any question about this factor.  The court does not

consider this factor to weigh strongly for or against detention.

*History and Characteristics of the Defendant*

The defendant is a young man with a lengthy juvenile and adult

criminal history involving numerous arrests for controlled substance and

firearm offenses and felony convictions for introducing contraband into a

correctional institution and obstruction.  In 2003, the defendant was

12

arrested and charged with attempted first degree murder in state court in Parsons, Kansas.  These charges were dismissed when the victim failed to cooperate during the preliminary hearing and later told the prosecutor that he feared for his safety and his family's. The defendant is a primary suspect in a Topeka shooting in which the victim has identified the defendant as the shooter.

The defendant has a poor employment history and no apparent financial resources to support himself lawfully.  His family ties and links to the community appear minimal and have had little effect upon him.  He was unable to provide pretrial services his place of residence for the last two years.  The defendant reports using alcohol and controlled substances. The defendant has violated conditions of pretrial release and probation imposed by state court and has failed to appear at least once in those proceedings.  There is an outstanding warrant for a probation violation. The defendant was on probation when he allegedly committed the instant offense.

These circumstances and the proffered evidence supporting them heavily favor detention.

*Nature and Seriousness of Danger to Any Other Person or the Community*

13

The court believes the defendant's pattern of criminal conduct emerging from the defendant's record of convictions and arrests creates a very real threat of continued involvement in drug trafficking and of violence to others.  Besides the serious danger to the community by ongoing drug trafficking, the evidence shows a history of violence and vindictiveness that places others in immediate and serious danger as well.  There is nothing in the record from which the court can find assurance that the defendant would abandon his drug trafficking activities and support himself through lawful and gainful employment. This factor strongly supports detention.

*Conclusion*

The court has no confidence that the defendant's proposed plan would meet the important concerns of the danger the defendant poses to the community and others and particularly the risk of him not appearing as required.  Based upon its de novo review of the record and arguments submitted, the court finds that a preponderance of the evidence shows there is a serious risk the defendant will flee and that clear and convincing evidence establishes there are no set of conditions of release which will protect the community from the danger of the defendant engaging in additional drug trafficking crimes or acting violently towards others.  The

14

defendant's proffer is not credible evidence as to rebut the presumption of risk of flight or danger to the community and others.  After careful consideration of all matters submitted at the hearing within the framework required by the Bail Reform Act, the court concludes that the government has carried its burden of proving that pretrial detention is warranted in this case.

IT IS THEREFORE ORDERED that the motion to review (Dk. 12) the detention order is granted insofar as the court has conducted its de novo review and is denied as to all relief requested therein;

IT IS FURTHER ORDERED that the defendant will be detained pending trial pursuant to this order and to the order of detention entered by the magistrate judge.

Dated this 29th day of January, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

15