IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

              PLAINTIFF,

Vs.                                                 No. 05-40066-01-SAC

DAVID LEE HOLMES II,

              DEFENDANT.

MEMORANDUM AND ORDER

        This case comes before the court for the defendant to be sentenced following his conviction after a jury trial in August of 2007 on the charge of possession with the intent to distribute 23.33 grams of cocaine base.  The presentence report ("PSR") recommends a guideline sentence of 151 to 188 months based on the following calculations:  a base offense level of 30 (139.4 grams of cocaine base) plus a two-level enhancement for possession of a firearm for a total offense level of 32 and a criminal history category of three.  The PSR addendum addresses the defendant's five unresolved objections to which the government has filed no response and has not otherwise indicated whether it will offer evidence at the sentencing hearing or will stand on the evidence admitted at trial.  Though the

defendant has untimely filed his sentencing memorandum, D. Kan. Rule CR32.1(c) and Fed. R. Crim. P. 45(a), the court will consider the same. This order will serve as the court's rulings on the defendant's unresolved objections based on the evidence admitted at trial and the additional evidence attached to the defendant's sentencing memorandum.  The court will reserve reconsideration of its rulings upon any additional argument or new evidence offered at the sentencing hearing.

**Defendant's Objection 1**:  The defendant seeks to add to ¶ 13 of the PSR that the passenger in the defendant's car, Andre Baker, brought the gym bag which the officers found in the back seat of the defendant's car and that the defendant had no knowledge of the bag's contents.  The defendant submits the affidavit of Sondra Anderson, who was living with Andre Baker on the date of the offense.  Ms. Anderson avers that she observed Baker put a gun and drugs into a gym bag and then place the bag in the defendant's car on April 13, 2005.

Ruling:  Having come forward with evidence, the court will sustain the defendant's objection.  Paragraph thirteen of the PSR will be amended to include the following.  Sondra Anderson lived with Andre Baker.  On April 13, 2005, she directed Baker to remove any drugs and guns from her

house.  She then observed him put a gun and what appeared to be drugs into a dark gray or black athletic bag.  About that time, the defendant Holmes arrived at Ms. Anderson's residence driving a tan car.  She saw Baker placed his athletic bag containing the gun and drugs into the back seat of Holmes' tan car.

**Defendant's Objection 2**:  The defendant objects to ¶ 15 which recounts his post-arrest statements that he made to Officer Garman about his prior purchases of cocaine base from his named source.  The defendant has no dispute with the PSR's accuracy in summarizing his prior statements, but he does argue that the court should rely on his trial testimony in which he explained that he lied to Garman about his involvement in and connections to other drug trafficking activities in order to be released from custody.  The defendant contends the falsity of his statements was confirmed by his own actions in subsequently fleeing upon release and refusing to cooperate with Garman as an informant.

Ruling:  The court recalls the defendant's testimony at trial in that regard, as well as Officer Garman's testimony and those portions of the videotaped interview shown at trial.  The court recalls that Officer Garman testified that he knew the person to be a drug supplier who the defendant

identified as his source and that the defendant displayed knowledge and familiarity with the drug trafficking business in his post-arrest statements. From his own training and experience, Officer Garman plainly believed enough of the defendant's story that he would risk releasing the defendant for purposes of establishing an informant relationship.  For that matter, the defendant's account of his prior purchases seems reasonable and credible as does his behavior and demeanor displayed during the videotaped interview.  In the court's judgment, the defendant's testimony at trial in which he recanted his post-arrest statements on the prior purchases was not credible.  The court overrules the defendant's objection.

**Defendant's Objection 3**:  The defendant objects to the calculation of drug amounts in ¶ 17 of the PSR  and asks the court to hold him accountable for only the 12.61 grams of cocaine base found on his person.  He again objects that his post-arrest statements to Officer Garman on prior purchases were falsely made so that Garman would release him.  He also objects that the cocaine base found in the gym bag is improperly attributed to him, because he did not possess the bag and further did not know what it contained.

   Ruling:  For the reasons stated in its ruling on the defendant's second

objection, the court finds the PSR properly attributes 114.2 grams to the defendant based on his post-arrest statements and overrules that part of the defendant's objection. At this time, the court sustains the defendant's objection to the cocaine base found in the gym bag. The government did not present evidence of the gym bag or its contents at trial and has not responded to the defendant's objection to the PSR or his sentencing memorandum. Should the government come forward with evidence at the sentencing hearing in support of its burden of proof, the court will reconsider its ruling on the gym bag and its contents.

**Defendant's Objection 4:** The defendant objects to the two-level dangerous weapon enhancement for the firearm found in the gym bag and denies that he knowingly possessed any of the bag's contents.

   Ruling: Consistent with its ruling on the defendant's third objection, the court will sustain the defendant's objection at this time but reserves its right to reconsider this ruling should the government come forward with evidence at the sentencing hearing.

**Defendant's Objection 5:** The defendant objects to the applicability of the ten-year mandatory minimum as determined in ¶ 60 in reliance on his state conviction for introducing contraband into a penal institution. The

defendant disputes the use of this conviction as a prior felony drug offense. The defendant says he possessed only a small amount of marijuana that would have been a mere misdemeanor under federal law but that the state treated his possession as a felony because the drugs were found on him when he was being booked into the Labette County Jail. The defendant contends the use of such a minor offense to double his sentence contradicts congressional intent. The defendant argues a denial of due process for the court to rely on state law characterizations of felony drug offenses. In his sentencing memorandum, the defendant adds the argument that the state court journal entry shows he pled guilty to a "catchall" crime that does not qualify as a felony drug offense.

Ruling: As used in § 21 U.S.C. § 841, "felony drug offense" includes "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a *state* or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, . . . ." 21 U.S.C. § 802(44) (italics added). Congress plainly intended that state law would determine whether a prior state conviction met the definition of a felony drug offense. The defendant raises no cognizable constitutional challenge to the court's uniform application of § 802(44) to this case. For

that matter, the defendant is mistaken about any meaningful distinction between federal and state law, for the possession of any amount of marijuana in a federal prison is a felony. See 18 U.S.C. § 1791.

In Kansas, the introduction of contraband in a correctional institution is a level 6 nonperson felony as set forth at K.S.A. 21-3826 (1993). The statute prohibits conduct related to contraband and defines contraband as any item outside the consent of the institution's administrator. Because the statutory language is not conclusive in determining whether the conviction is related to drugs, the court may look to the charging document, the terms of a written plea agreement, and other explicit findings of record. *United States v. Karam*, 496 F.3d 1157, 1166 (10th Cir. 2007). The defendant does not challenge the accuracy of the PSR in recounting that he was charged and convicted on the state complaint of having introduced or attempted to introduce marijuana into the county jail. The journal entry of conviction attached to the defendant's sentencing memorandum shows he defendant pleaded guilty to counts one and two. Count one of the criminal complaint attached to the defendant's sentencing memorandum charged the defendant with introducing marijuana into the jail without consent of the administrator in violation of K.S.A. 21-3826, a level 6 non-person felony,

and count two charged the defendant with unlawful possession of marijuana, a non-person misdemeanor.  Thus, the defendant's prior state conviction for introducing contraband, *i.e.*, marijuana, into a jail meets the terms of § 802(44) in that it was a felony offense under state law for prohibited conduct "related to" marijuana.  *See United States v. Curry*, 404 F.3d 316, 319-20 (5th Cir.), *cert. denied*, 544 U.S. 1067 (2005).  The defendant's objection is overruled.

In light of the above rulings, the defendant's total offense level drops to 30 and the guideline sentencing range correspondingly drops to 121 to 151 months with a statutory minimum term of 120 months.

IT IS THEREFORE ORDERED that the defendant's pending objections to the PSR are denied in part and granted in part.

Dated this 3rd day of December, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge