IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                          Civil No. 13-4035-SAC
                              Crim No. 05-40066-01-SAC

DAVID LEE HOLMES II,

        Defendant.

MEMORANDUM AND ORDER

The defendant David Lee Holmes II has filed a pro se petition to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Dk. 93). Because of the obvious procedural problems with this filing, the court promptly takes up the motion without asking for the government's response.

**BACKGROUND**

Following his conviction after a jury trial in August of 2007 on the charge of possession with the intent to distribute cocaine base, the defendant was sentenced to a term of 121 months in December of 2007. (Dk. 67). His conviction was affirmed on appeal, (Dk. 84), and his petition for writ of certiorari was denied on March 20, 2009. (Dk. 86). The docket sheet shows the defendant did not file any post-conviction motions until November 10, 2011, when he submitted a motion for retroactive application

of sentencing guidelines to crack cocaine offense pursuant to 18 U.S.C. § 3582. (Dk. 87). The court granted that motion in part and reduced the defendant's sentence to 120 months. (Dk. 89).

**CURRENT MOTION**

On April 4, 2013, Mr. Holmes filed what is entitled as a memorandum "in support of petition to vacate, set aside or correct sentence by person in federal custody under 28 U.S.C. § 2255." (Dk. 93). His memorandum includes references to unrelated dates and to pleadings that cannot be found in this court record. In his introduction, Mr. Holmes first asserts that his motion seeks relief pursuant to Fed. R. Civ. P. 60 "from the final judgment entered on May 16, 2006," and alternatively, is a petition for relief under 28 U.S.C. § 2255. Id. at 1. There are no filings in this case related to May 16, 2006. Mr. Holmes cites to nothing in the record from which Rule 60 relief could be an available remedy, and his arguments for such relief are not tied to any ruling by this court. The court summarily rejects his Rule 60 allegation and request as wholly inapplicable to this case.

His motion refers to a prior § 2255 motion, an evidentiary hearing on it, and a final judgment entered on May 16, 2006. The record shows, however, that Mr. Holmes has not filed a prior § 2255 motion, that there has been no evidentiary hearing on any post-conviction motion, and that there was no final judgment entered in May of 2006. All of Holmes's

arguments that are premised on these non-existent circumstances are summarily denied.

**LIMITATION PERIOD**

Pursuant to the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255(f) imposes a one-year limitation period for federal prisoners to file § 2255 motions. *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003). "A movant must generally file a § 2255 motion within one year from the date [his] conviction becomes final." *United States v. Valencia*, 472 F.3d 761, 763 (10th Cir. 2006). When a direct appeal is taken, "a criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires." *United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)).

The defendant's conviction became final on March 20, 2009, with the Supreme Court's denial of his petition for writ of certiorari. As applied, the limitation period expired one year later on March 20, 2010, but the defendant did not file his § 2255 motion April 4, 2013, more than 3 years late. Unless the defendant can show his § 2255 motion comes within another provision of § 2255(f) or the limitation period is subject to equitable tolling, this action is subject to dismissal as untimely.

Mr. Holmes first constructs an argument for applying § 2255(f)(4), which provides that the limitation period shall run from "the date

on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." He contends "[t]he facts supporting his claim did not become discoverable for the purposes of making this claim until the Supreme Court's decision in *Carachuri* [*-Rosendo v. Holder*, ---U.S.---, 130 S. Ct. 2577 (2010)] and Mr. Holmes sentence reduction in light of Amendment 750." (Dk. 93, p. 11). Mr. Holmes offers no viable argument for applying the terms of (f)(4) here.

What Mr. Holmes calls "facts" are really the Supreme Court's decision in *Carachuri* and its alleged impact on the relief available on his later § 3582 motion. With respect to rights arising from later Supreme Court decisions, § 2255(f)(3) is the operable provision that triggers the one-year limitation period on "the date on which the right asserted was initially recognized by the Supreme Court, if that right had been newly recognized by Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court issued *Carachuri* in June of 2010, so any rights that Mr. Holmes asserts from it, assuming retroactivity, must have been made by June of 2011. *See United States v. McNeill*, 2012 WL 33254, at *2-*3 (D. Kan. Jan. 6, 2012); *cf. United States v. Powell*, 691 F.3d 554 (4th Cir. 2012) (*Carachuri* does not apply retroactively to collateral review cases). His § 2255 motion remains untimely.

The holding in *Carachuri* does not afford Mr. Holmes any cogent argument for relief here. The Supreme Court held that to qualify as an

4

"aggravated felony" under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43), "the conduct prohibited by state law must be punishable as a felony under federal law," and "the defendant must also have been actually convicted of a crime that is itself punishable as a felony under federal law." 130 S. Ct. at 2589. Mr. Holmes was subject to a mandatory minimum sentence of 120 months due to a prior state felony drug conviction. (Dk. 65, p. 5). The defendant objected at sentencing on several grounds to using this prior state conviction for possession of a small amount of marijuana. Id. at pp. 5-6. The sentencing court denied those objections in this ruling:

> As used in § 21 U.S.C. § 841, "felony drug offense" includes" an offense that is punishable by imprisonment for more than one year under any law of the United States or of a *state* or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, . . . ." 21 U.S.C. § 802(44) (italics added). Congress plainly intended that state law would determine whether a prior state conviction met the definition of a felony drug offense. The defendant raises no cognizable constitutional challenge to the court's uniform application of § 802(44) to this case. For that matter, the defendant is mistaken about any meaningful distinction between federal and state law, for the possession of any amount of marijuana in a federal prison is a felony. See 18 U.S.C. § 1791.
> In Kansas, the introduction of contraband in a correctional institution is a level 6 nonperson felony as set forth at K.S.A. 21-3826 (1993). The statute prohibits conduct related to contraband and defines contraband as any item outside the consent of the institution's administrator. Because the statutory language is not conclusive in determining whether the conviction is related to drugs, the court may look to the charging document, the terms of a written plea agreement, and other explicit findings of record. *United States v. Karam*, 496 F.3d 1157, 1166 (10th Cir. 2007). The defendant does not challenge the accuracy of the PSR in recounting that he was charged and convicted on the state complaint of having introduced or attempted to introduce marijuana into the county jail. The journal entry of conviction attached

> to the defendant's sentencing memorandum shows the defendant pleaded guilty to counts one and two. Count one of the criminal complaint attached to the defendant's sentencing memorandum charged the defendant with introducing marijuana into the jail without consent of the administrator in violation of K.S.A. 21-3826, a level 6 non-person felony, and count two charged the defendant with unlawful possession of marijuana, a non-person misdemeanor. Thus, the defendant's prior state conviction for introducing contraband, i.e., marijuana, into a jail meets the terms of § 802(44) in that it was a felony offense under state law for prohibited conduct "related to" marijuana. *See United States v. Curry*, 404 F.3d 316, 319-20 (5th Cir.), *cert. denied*, 544 U.S. 1067 (2005). The defendant's objection is overruled.

(Dk. 65, pp. 6-8). There is nothing in this ruling that is contrary to the holding in *Carachuri*.

Mr. Holmes wrongly argues, "the prior used to enhance" his sentence "was a generic prior Kansas state conviction for possession of marijuana." (Dk. 93, p. 10). This is fully contradicted by the above finding that his prior conviction was for possession of marijuana within a correctional institution, a felony under both state and federal law. Mr. Holmes also argues it is a critical fact that he "was not sentenced to a term of imprisonment in excess of one (1) year, as required to be a predicate for § 851 purposes." (Dk. 93, p. 10). Mr. Holmes cites no authority for the legal significance of this proposition, and he cites nothing from the record to support this bald assertion.[1] "[F]or purposes of determining a felony conviction, what matters is not the actual sentence which the defendant

---

[1] In reviewing the detention order issued in this case, the court was provided a copy of the pretrial services report that showed Mr. Holmes received a state sentence of 18 months custody for introducing marijuana into a correctional institution.

6

received, but the maximum possible sentence." *United States v. Williams*, 442 F.3d 1259, 1261 (10th Cir. 2006). Besides having no claim for relief under the holding in *Carachuri,* Mr. Holmes cannot rely on that decision as triggering a different limitation period under § 2255(f)(3) or (4).

Finally, Mr. Holmes asks for equitable tolling arguing that any claim for relief under *Carachuri* would have been premature until the crack cocaine sentencing guidelines were amended. "For equitable tolling to apply, the movant must show "(1) that he has been pursuing this rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, ---U.S.---, 130 S. Ct. 2549, 2562 (2010) (quotation omitted). The burden of proving that equitable tolling should apply rests with the petitioner. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 981 (1998).

Mr. Holmes has no factual basis for arguing that he has been pursuing his rights diligently. He filed in November of 2011 his § 3582 motion based on the crack cocaine sentencing guideline amendments, and the court filed its order on December 7, 2011, explaining that it lacked authority to impose a sentence less than the ten-year minimum term required by 21 U.S.C. § 841(b)(1)(B). Mr. Holmes was dilatory and waited another 16 months before filing his § 2255 motion. In sum, Mr. Holmes is unable to demonstrate on the facts and circumstances argued in his motion that he diligently pursued his rights and that extraordinary circumstances

prevented his timely filing. Moreover, as shown above, Mr. Holmes is unable to articulate any plausible claim for relief based on *Carachuri*. There are no grounds for equitably tolling the limitations period, the § 2255 motion must be dismissed as time-barred.

As required by Rule 11 of the Rules Governing Section 2255 Proceedings, the court will consider in this final order whether to issue a certificate of appealability ("COA"). Because the court denied movant's § 2255 petition on procedural grounds without reaching the merits of his claims, the COA requires the movant to demonstrate that it is reasonably debatable whether (1) the motion states a valid claim of the denial of a constitutional right and (2) the district court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The untimeliness of the movant's petition is a plain procedural bar, and court's ruling is not reasonably debatable. The movant has not come forward with any debatable ground for applying a different limitation period or for equitable tolling. cognizable under Tenth Circuit precedent. Without this showing, the court must deny the defendant's request for a COA.

IT IS THEREFORE ORDERED that defendant's motion for relief pursuant to 28 U.S.C. § 2255 (Dk. 93) is denied as untimely.

IT IS FURTHER ORDERED that a certificate of appealability on this ruling is denied.

Dated this 9th day of April, 2013, Topeka, Kansas.

        s/ Sam A. Crow
        Sam A. Crow, U.S. District Senior Judge